IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MERARDO HERNANDEZ,** | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | JURY TRIAL |
| **TEXAS HEALTH AND HUMAN** | § | |
| **SERVICES COMMISSION,** | § | |
| Defendant. | § | |

### PLAINTIFF MERARDO HERNANDEZ'S ORIGINAL COMPLAINT
### AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Merardo Hernandez, hereinafter called Plaintiff, complaining of and about Texas Health and Human Services Commission, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.   Plaintiff Merardo Hernandez is a resident of Cameron County, Texas. At all relevant times, Plaintiff is and has been a resident of the State of Texas and met the definition of an "employee" under all applicable statutes.

2.   Defendant Texas Health and Human Services Commission is a governmental entity and may be served with process by serving the Texas Secretary of State, John B. Scott of said governmental entity, at 1019 Brazos St, Austin, TX 78701. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### JURISDICTION

3.   This court has jurisdiction of this civil action under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Americans with Disabilities Act of 1990, § 2 et

seq., 42 U.S.C.A. § 12101 et seq. and under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 et seq., including incorporated provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. Plaintiff Hernandez was employed as a Texas Works Supervisor II with defendant, a governmental entity doing business in Brownsville, Cameron County, Texas.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## VENUE

5. Venue is proper in this district under 42 U.S.C. §2000e-5 and 28 U.S.C. § 1391(b)(2) because the alleged unlawful employment practices were committed in this district. At the time of termination, Plaintiff Hernandez worked as a Texas Works Supervisor II with Defendant at its Brownsville office for more than nineteen years.

## NATURE OF ACTIONS

6. These causes of action are brought under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability, under the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621 et.seq., as amended by the Civil Rights Act of 1991 and Chapter 21 of the Texas Labor Code, Section 21.001 et. seq. to correct unlawful employment practices on the basis of age, Retaliation under Title VII and Chapter 21 of Texas Labor Code, negligent training and supervision, as well as intentional infliction of emotional distress.

## CONDITIONS PRECEDENT

7. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within

three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.  See attached Notice of Right to Sue.

## FACTUAL BACKGROUND

8. On or about August of 2000, Plaintiff Hernandez was employed with Defendant, Texas Health and Human Services Commission initially as a Texas Works Advisor and terminated as a Texas Works Supervisor II. Plaintiff Hernandez was discharged and terminated by Defendant after performing his duties with dedication, loyalty, and service on March 03, 2020. Regional Director, Cynthia Pena called Plaintiff and manager, Emily Ayala sent Plaintiff Hernandez a letter indicating his termination was effective as of 5:00 pm on March 03, 2020. At the time, Plaintiff Hernandez had been employed with Defendant for over 19 years.

9. Prior to Hernandez's termination, Hernandez had suffered a serious and debilitating work-related injury, which required multiple surgeries.  On October 15, 2019, Defendant was performing IT work in the cubicle next to Hernandez's office.  As Hernandez turned to return to his office from an employee's cubicle, he stepped on some laminated siding that had been taken off by the technicians that were working inside the cubicle. Hernandez heard a loud crashing noise and fell to his knees. Hernandez was severely injured, in excruciating pain and could not get up.  Hernandez was transported to the hospital by ambulance. Arriving to the hospital the emergency doctor diagnosed him with a displaced spiral fracture shaft of the right tibia and fibula. On October 17, 2019, Hernandez underwent a procedure to repair the fractures by inserting a titanium rod and five screws. He was released from the hospital on October 18, 2019. Hernandez received physical therapy from November 2019 to December of 2019.

10. On January 21, 2020, Hernandez returned to work with work restrictions, including working no more than four hours, standing, sitting, bending, stooping, twisting, walking, grasping, squeezing, wrist flexion or extension, and keyboarding. Hernandez was instructed to walk with a quad cane or walker at all times. Upon his return to work, Hernandez notified his supervisor, Emily Ayala that he would need another operation in February of 2020 to remove a screw in his right ankle. The screw had shifted since the original procedure and was causing him immense pain to the point he could not walk, even with the cane's assistance.

11. However, when Plaintiff returned to work with his work restrictions, Manager Ayala told Plaintiff that regardless of his restrictions he would have to get his eight-hour work done within the four hours. Plaintiff explained to Ayala that it was impossible. Nonetheless, Ayala's outrageous and extreme pressure set Plaintiff up for failure.

12. On January 29, 2020, Hernandez emailed Ayala that the second operation was scheduled for February 12, 2020. Hernandez continued to work until February 18, 2020, as the second operation was postponed until February 19, 2020, due to pre-authorization delay. Hernandez was on approved leave from February 19, 2020, to February 23, 2020.

13. On or about February 18, 2020, an investigation by the Director III for Access and Eligibility, Cindi Tamez allegedly revealed staff were scared of at least two supervisors. The investigation was conducted after Hernandez completed his four-hour workday. Ms. Tamez never informed Hernandez of the investigation or allegations. Consequently, Hernandez was not given an opportunity to respond to the allegations, nor given the opportunity to be heard at a mediation to address the complaint.

14. On February 24, 2020, when Hernandez returned from his second surgery Hernandez sent Ayala an email requesting sick leave for a follow-up appointment on February

27, 2020. Ms. Ayala instructed Hernandez via Skype message to go to her office. He arrived at Ayala's office at approximately 8:05 a.m. that same day. Upon his arrival, Ayala and Ms. Rebecca Hernandez informed Plaintiff Hernandez that he was being placed on investigative leave following complaints against him. He was ordered to turn in his work ID badge and office keys. Rebecca Hernandez would not provide Plaintiff with a copy of the complaint; rather, she instructed Plaintiff to file an open records request with the Civil Rights office to view the complaint.

## COUNT 1—AMERICANS WITH DISABILITY ACT

15. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

16. Defendant, Texas Health and Human Services Commission, intentionally engaged in unlawful employment practices involving Plaintiff because of his disability.

17. Defendant, Texas Health and Human Services Commission, intentionally discriminated against Plaintiff in connection with the terms, conditions and privileges of employment in violation of 42 U.S.C. Section 12112. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee.

18. At all material times, Plaintiff was able to perform the essential functions of his position with accommodation. Plaintiff had a disability and had a record of a disability which substantially limited at least one major life activity. Plaintiff was discriminated against on the basis of his disability and record of a disability.

19. Plaintiff alleges that Defendant, Texas Health and Human Services Commission, discriminated against Plaintiff on the basis of disability with malice or with reckless indifference

to the protected rights of Plaintiff.

### COUNT 2—RESPONDEAT SUPERIOR

20. Because Emily Ayala, Cindi Tamez, Cindy Pena and Hilda Saenz were employees and/or agents of Defendant and participated in the termination of Plaintiff, Plaintiff hereby invoke the doctrine of respondeat superior/vicarious liability and seeks to hold Defendant responsible for the acts or omissions of its employees and/or agents, Emily Ayala, Cindi Tamez, Cindy Pena and/or Hilda Saenz as if they were committed by Defendant, itself.

### COUNT 3—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY TEXAS HEALTH AND HUMAN SERVICES COMMISSION

21. Defendant intentionally or recklessly inflicted emotional distress on Plaintiff by forcing him to perform his duties without accommodating him due to his disability. Ayala as agent of Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

### COUNTY 4—NEGLIGENT SUPERVISION AND TRAINING BY TEXAS HEALTH AND HUMAN SERVICES COMMISSION

22. Plaintiff alleges that the conduct of Defendant, constituted negligent supervision and training. Plaintiff alleges that Defendant did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether Emily Ayala and/or Cindi Tamez was fit, competent, or a danger to third parties. Defendant knew or should have known that Ayala and Tamez were unfit and could foresee that their conduct toward Plaintiff was outrageous, extreme and reckless and they would come in contact with Plaintiff, creating a risk of danger to Plaintiff. Defendant's failure to exercise reasonable care in the supervision and training of Ayala and Tamez was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues.

### COUNTY 5—RETALIATION BY TEXAS HEALTH AND HUMAN SERVICES COMMISSION

23. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

24. Defendant has violated Texas Law Against Discrimination under Chapter 21 and Title VII by subjecting Plaintiff to retaliation for his protected activity under the ADA when Plaintiff made a request for accommodations. Instead, Defendant refused to accommodate Plaintiff, subject him to intentional infliction of emotional distress and conjure up frivolous complaints as grounds to legitimize Plaintiff's termination with Defendant.

25. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Chapter 21 of the Texas Labor Code against discrimination and Title VII, Plaintiff has suffered and continues to suffer monetary and/or economic damages as well as suffer severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

26. Defendant's unlawful retaliatory conduct constitutes a willful and wanton violation of Chapter 21 of the Texas Labor Code against discrimination and Title VII, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

27. Moreover, after Plaintiff was terminated, Defendant continued to retaliate against Plaintiff because he "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under subchapter § 42 U.S.C. 2000e–3(a). Plaintiff applied for four positions with Defendant, which he met the minimum requirements, nonetheless not given an interview with Defendant.

## COUNT 6—AGE DISCRIMINATION

28.     Defendant, Texas Health and Human Services Commission, intentionally engaged in unlawful employment practices involving Plaintiff because of his age. At all material times Plaintiff was 40 years of age or older

29.     Defendant, Texas Health and Human Services Commission, discriminated against Plaintiff in connection with the terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's age in violation of the Age Discrimination in Employment Act.

## DAMAGES

30.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a.  Actual damages;

   b.  All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

   c.  Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

   d.  All reasonable and necessary costs incurred in pursuit of this suit;

   e.  Emotional pain;

   f.  Expert fees as the Court deems appropriate;

   g.  Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

   h.  Inconvenience;

      i.      Interest;

      j.      Loss of enjoyment of life;

      k.      Mental anguish in the past;

      l.      Mental anguish in the future;

      m.      Loss of earnings in the past;

      n.      Loss of earning capacity which will, in all probability, be incurred in the future; and

      o.      Loss of benefits.

## EXEMPLARY DAMAGES

31.    Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Merardo Hernandez, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: */s/ Analisa Figueroa*
Analisa Figueroa

                                                    Attorney-in-Charge
                                                    Texas Bar No. 24040897
                                                    Southern District Bar No: 38197
                                                    E-Mail: analisa@afigueroalaw.com
                                                    514 Paredes Avenue, Suite H
                                                    Brownsville, TX 78521
                                                    Tel. (956) 621-0550
                                                    Fax. (956) 621-1071
                                                    Attorney for Plaintiff Merardo Hernandez

                            **PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**