Case 1:22-cv-00157   Document 16   Filed on 07/13/23 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
July 13, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| MERARDO HERNANDEZ, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-157 |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION, | § | |
| Defendant | § | |

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

The Court is in receipt of the "Motion to Dismiss Plaintiff's First Amended Complaint" (hereinafter, THHSC's "Motion" or "Motion to Dismiss") filed by Defendant Texas Health and Human Services Commission (hereinafter, the "THHSC"). Dkt. No. 10. For the reasons provided below, it is recommended that the Court: (1) **GRANT** THHSC's Motion to Dismiss; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I.  Jurisdiction

The Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331.

## II.  Background and Procedural History

Plaintiff Merardo Hernandez's First Amended Complaint (hereinafter, Hernandez's "Complaint" or "live Complaint") asserts claims against his former employer, the THHSC, under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). *See* Dkt. No. 8. Hernandez

claims that the THHSC violated his civil rights under Title VII by discriminating and retaliating against him based upon his sex. *Id.* at 6. He also claims that the THHSC forced him to endure a hostile work environment for engaging in activity protected under the ADA. *Id.* at 5-6. He seeks damages, including reinstatement, backpay, attorney's fees, court costs, and other types of pecuniary and nonpecuniary damages. *Id.* at 7.

The THHSC filed its Motion to Dismiss on January 20, 2023. Dkt. No. 10; Dkt. No. 10-1. The THHSC denies Hernandez's allegations and moves the Court to dismiss all of his claims. *Id.* Hernandez filed his response opposing the Motion to Dismiss on February 10, 2023. Dkt. No. 12; Dkt. Nos. 12-1 through 12-3. This matter is now ripe for consideration.

### III.   Legal Standards

**A. Federal Rule of Civil Procedure 12(b)(1)**

Motions filed under Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge a district court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a cause of action if the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *In Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court found that Rule 12(b)(6) must be read in conjunction with Rule 8(a). *Richter v. Nationstar Mortgage, LLC*, Civil Action No. H-17-2021, 2017 U.S. Dist. LEXIS 152214, 2017 WL 4155477, at *1 (S.D. Tex., 2017). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To withstand a Rule 12(b)(6) challenge, then, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570. This means that a complaint, taken as a whole, "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory[.]" *Id.* at 562.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* In *Twombly*, the Supreme Court stressed that it did not impose a probability standard at the pleading stage; however, an allegation of a mere possibility of relief does not satisfy the requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual "allegations plausibly suggesting (not merely

consistent with)" an entitlement to relief. *Id.* at 557. A court also need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions[.]" *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

## IV.  Discussion

### A.  ADA Claim

Hernandez alleges a hostile work environment claim under Title I of the ADA. Dkt. No. 8 at 5-6. The THHSC argues that Hernandez's ADA claim is barred by sovereign immunity and, therefore, the Court lacks subject matter jurisdiction to hear this claim. Dkt. No. 10 at 3-4.

Claims against an employer based on a hostile work environment are employment claims, and as a result are governed by Title I of the ADA. *See Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021); *Sparks v. Tex. DOT*, 144 F. Supp. 3d 902, **5 (S.D. Tex. 2015) (citing *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235 (5th Cir. 2001)). State sovereign immunity pursuant to the Eleventh Amendment "operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Smith v. Tex. Dept. of Child Protective Servs.*, 2019 U.S. Dist. LEXIS 127738 *12 (S.D. Tex. 2019) (quoting *Union Pac. R.R. v. La. PSC*, 662 F.3d 336, 340 (5th Cir. 2011)). This protection extends to a state's governmental units, such as the THHSC here. Tex. Civ. Prac. & Rem. Code § 101.001 (defining governmental units as agencies of the state); *see, e.g., Cephus v. Texas Health & Hum. Servs. Comm'n*, 146 F. Supp. 3d 818, 827 (S.D. Tex. 2015) (acknowledging that the THHSC enjoys sovereign immunity).

Eleventh Amendment immunity is waivable, and, thus, "enacts a sovereign immunity from suit, rather than a nonwaivable limit on [federal] subject-matter jurisdiction." *Union Pac. R.R. v. La. PSC*, 662 F.3d 336, 340 (5th Cir. 2011) (quoting *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997)). However, the Supreme Court has expressly held that Congress did not validly abrogate the States' Eleventh Amendment immunity when enacting Title I of the ADA. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 365–74 (2001). Further, the State of Texas did not waive its immunity from suit with respect to the ADA. *Sullivan v. Tex. A&M Univ. Sys.*, 986 F.3d 593, 596-597 (5th Cir. 2021); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326, 332 (5th Cir. 2002). Hernandez's ADA claim, then, is barred by sovereign immunity; this Court lacks subject matter jurisdiction necessary to hear this claim.

**B. Title VII Claim**

Hernandez alleges a civil rights violation under Title VII. Dkt. No. 8 at 6. He alleges the THHSC discriminated and retaliated against him based upon his sex. *Id*. The THHSC argues Hernandez's claim fails because: (1) his failure to exhaust all statutory required administrative remedies precludes his Title VII claim; and (2) his purely conclusory allegations do not constitute a cognizable claim. Dkt. No. 10 at 4-8.

Before filing suit under Title VII, a plaintiff must exhaust his administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79; *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789, (5th Cir. 1996). Administrative exhaustion "occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue," or when he "files a timely charge with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Taylor*, 296 F.3d at 379; *Dao*, 96 F.3d at 789. The exhaustion requirement provides the employer with notice of

the plaintiff's claims. *EEOC v. Shell Oil Comp.*, 466 U.S. 54, 77 (1984); *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 711–12 (5th Cir. 1994). It also provides the agency with an opportunity to resolve the claims before the plaintiff files suit. *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012) ("The purpose of this exhaustion doctrine is to facilitate the administrative agency's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws.").

The THHSC argues that Hernandez failed to exhaust his administrative remedies for his Title VII claim because he did not check the "Sex" box; and, he did not include any sex discrimination allegations in the factual statement portion of his EEOC charge (hereinafter, "Charge"). Dkt. No. 10 at 4-6; Dkt. No. 10-1. The scope of a Title VII lawsuit is limited to the allegations made in the EEOC charge and any claims that could reasonably be expected to grow out of it. *Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir. 1993). In some fact scenarios, the Fifth Circuit has held that a plaintiff did not exhaust his administrative remedies when the plaintiff failed to check the appropriate box on the EEOC charge form. *See Luna v. Lockheed Martin Corp.*, 54 Fed.Appx. 404 (5th Cir. 2002). However, a plaintiff's failure to check a box is not always fatal. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970). "If, by looking to either the factual allegations or the checked boxes, a specific type of type of discrimination claim could reasonably be expected to grow out, of the allegations in an EEOC charge, then the plaintiff has exhausted his administrative remedies." *Ollie v. Plano Indep. Sch. Dist.*, 565 F. Supp. 2d 740 (E.D. Tex. 2007).

Hernandez does not dispute the evidence showing he did not check the "Sex" box in his Charge or reference a sex discrimination claim in his factual statement. Dkt. No. 12 at 6-8. Instead, Hernandez argues that an e-mail sent to Investigator Diana Webb, about

a male supervisor being allowed to retire and a female supervisor being allowed to keep her employment, despite complaints filed against both employees, is sufficient to satisfy the exhaustion requirement. *Id.* Critically, Hernandez did not cite to any case law holding that a sent e-mail is sufficient to constitute a charge, where the charge itself and factual statement don't indicate an intent to make a sex discrimination allegation.

The Court nevertheless considers Hernandez's factual statements in his Charge when deciding whether he exhausted his administrative remedies. A review of the factual statement shows no sex discrimination allegations and include only allegations related to disability. While the Court reads Hernandez's Charge broadly, his sex discrimination claim could not have been "reasonably . . . expected to grow out of the charge of discrimination." *McClain v. Lufkin Indus.*, 519 F.3d 264, 273 (5th Cir. 2008) (quotation omitted). Hernandez, then, failed to properly exhaust the administrative remedies required under Title VII and his claim should be dismissed. *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339 (5th Cir. 2021).[1]

## V. Recommendation

For the foregoing reasons, it is recommended that the Court: (1) **GRANT** THHSC's Motion to Dismiss; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## VI. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen

---

[1] Because the Court recommends dismissing Hernandez's Title VII claim on the issue of exhaustion, the Court need not address the THHSC's argument concerning failure to state a legally cognizable claim.

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **13th** day of **July, 2023**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge